UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD EUGENE McCABE,<br><br>Defendant. | NO:  2:12-CR-6041-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE<br><br>**\*U.S. MARSHAL ACTION REQUIRED\*\*** |

BEFORE THE COURT is Defendant's Motion for Reconsideration of his sentence, **ECF No. 68**.  The Ninth Circuit Court of Appeals remanded this case for consideration under 18 U.S.C. § 3582(c)(2) in light of the June 2016 decision in *United States v. Davis*, 825 F.3d 1014, 1027 (9th Cir. 2016) (en banc).  *See* ECF Nos. 64, 66.  Having reviewed the parties' briefing and the relevant record, the Court is fully informed.

On November 6, 2012, Defendant McCabe entered into a plea agreement with the Government pursuant to Fed. R. Crim. P. 11(c)(1)(C).  Defendant pleaded guilty to the two counts of distribution of methamphetamine for which he was indicted.  ECF No. 25 at 1-3.  The parties agreed that a 90-month term of

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

incarceration was the appropriate disposition of the case. The parties further agreed that Defendant's base offense level was 28, and a three level downward adjustment of the offense level should follow Defendant's timely acceptance of responsibility. ECF No. 25 at 8. With respect to the sentencing range, the plea agreement memorialized that "Defendant understands and acknowledges that the United States Sentencing Guidelines (hereinafter "U.S.S.G.") are advisory to this case and that the Court will determine the Defendant's applicable sentencing guideline range at the time of sentencing." ECF No. 25 at 8.

The Court determined that Defendant's total offense level was 25; his criminal history category was V; and, thus, the applicable U.S.S.G. range was 100 to 125 months. After reviewing the plea agreement and considering the factors in 18 U.S.C. § 3553(a), the Court sentenced Defendant to 90 months of imprisonment for each count, running concurrently, and concurrent 4-year terms of supervised release. ECF No. 37.

In 2014, the United States Sentencing Commission amended the U.S.S.G. to reduce the recommended penalties for most drug trafficking offenses by lowering, by two levels, the offense levels in the §2D1.1 Drug Quantity Table ("Amendment 782"). The Sentencing Commission established that the Amendment 782 reduction could be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2), which authorizes a district court to reduce an otherwise final sentence in light of subsequent amendments to the U.S.S.G.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

To be eligible for relief under § 3582(c)(2), the original sentence must have been "based on" the U.S.S.G.. In *Freeman v. United States*, 564 U.S. 522 (2011), the Supreme Court considered whether "defendants who enter into [Rule 11(c)(1)(C)] plea agreements that recommend a particular sentence as a condition of the guilty plea" may secure reductions to their sentence through § 3582(c)(2), *i.e.* whether 11(c)(1)(C) defendants' sentences are *ever* "based on" the U.S.S.G. *Freeman* did not produce a majority opinion and instead resulted in four justices joining a plurality opinion, Justice Sotomayor authoring a concurring opinion, and four justices joining a dissent.

The Ninth Circuit initially interpreted the result in *Freeman* to hold that sentences imposed pursuant to Rule 11 plea agreements were not "based on" the U.S.S.G., with minor exceptions, and, therefore, could not be modified under § 3582(c)(2). *See United States v. Austin*, 676 F.3d 924, 930 (9th Cir. 2012). However, in June 2016, the Ninth Circuit overruled *Austin* and held that a defendant whose original sentence followed a Rule 11 plea agreement "should be eligible for a sentence reduction when one factor in a defendant's sentence was a 'since-rejected Guideline.'" *United States v. Davis*, 825 F.3d at 1027 (*quoting Freeman*, 564 U.S. at 530).

A court must perform a "two-step inquiry" in determining whether to reduce a defendant's sentence under § 3582(c)(2). *Dillon v. United States*, 560 U.S. 817, 826 (2010). The first determination is whether any U.S.S.G. amendments apply to

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 3

defendant's sentence. *Dillon*, 560 U.S. at 826-27. Second, if the court determines that defendant is eligible for relief, the court must weigh the sentencing factors set out in 18 U.S.C. § 3553(a), to the extent that they are applicable, and determine whether a reduction within the amended U.S.S.G. range is warranted. *Dillon*, 560 U.S. at 826-27.

The factors for a sentencing judge to consider under 18 U.S.C. § 3553(a) include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed; the kinds of sentences available; the kinds of sentence and the sentencing range established in the Guidelines; any pertinent policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); 18 U.S.C. § 3553(a)(1)-(7).

The Court's application of the first step of the inquiry differs from that contained in the Court's order denying Defendant's first motion for a reduction in sentence based on Amendment 782, because the Ninth Circuit had not yet decided *Davis*, 825 F.3d 1014. *See* ECF No. 49. The Court now notes that Defendant's plea agreement required the Court to determine the applicable guideline range at the time of sentencing and contemplated a three-level U.S.S.G.-based downward adjustment for acceptance of responsibility.

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 4

At sentencing, the Court determined Defendant's base offense level, independent of the parties' agreement, and adjusted Defendant's offense level downward by three levels for acceptance of responsibility. These circumstances all closely align with the circumstances that the circuit court viewed as leaving "no doubt" that the *Davis* defendant's sentence was "based on" the U.S.S.G. *See* 825 F.3d at 1027-28. Furthermore, in entering a below-range sentence of 90-months, the Court explicitly found that the binding plea agreement and application of the relevant § 3553(a) factors, including the Guideline range, supported that a 90-month sentence was appropriate. The U.S.S.G. range in place at the time of Defendant's sentencing was one component of the Court's analytical framework.

Therefore, the Court now reaches the second step of the reduction of sentence inquiry, which calls upon the Court to render a discretionary determination as to whether Defendant's sentence warrants a reduction under § 3582(c)(2) and related policy statements in U.S.S.G. 1B1.10. Defendant McCabe's sentencing range after Amendment 782 is 84 to 105 months; the amendment applies to both counts for which Defendant is serving concurrent sentences.

The Court previously found that a downward variance from the original guideline range was supported based on application of § 3553 factors (a)(1) through (a)(2). The parties also agreed to a sentence below the guideline range in place at the time. There is nothing in the record to dispute that the parties likely

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 5

would have stipulated to a sentence below the amended range, all other factors remaining constant. Moreover, Defendant's criminal history, although extensive, does not reflect a history of violent behavior; rather it is riddled with misdemeanor convictions, a number of them traffic related. The parties agree that Defendant has no disciplinary record with the Bureau of Prisons during his incarceration for the instant convictions. A reduction of Defendant's sentence to the low end of the amended sentencing range, 84 months, calibrates with the policy statement contained in U.S.S.G. § 1B1.10 and the objective of §3582(c)(2).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion, **ECF No. 68**, is **GRANTED**.

2. Defendant McCabe's sentence of incarceration on counts 1 and 2 is reduced to 84 months, running concurrently.

3. The effective date of this Order is March 2, 2017.

The District Court Executive is directed to file this Order and provide copies to counsel.

**IT IS SO ORDERED**.

**DATED** March 2, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 6